## No. 7797.

### STATE OF LOUISIANA VS. BENJAMIN BRADLEY.

An indictment will be quashed when it appears that the clerk of the court who acted as a jury commissioner for drawing the jury which found the bill, had never been sworn as such commissioner.

APPEAL from the Ninth Judicial District Court, parish of Rapides,. Blackman, J.

The opinion of the court was delivered by

MANNING, C. J. The defendant was indicted for horse-stealing, and.

State vs. Bradley.

on conviction was sentenced to hard labour for two years. A motion to quash was made on three grounds, the first of which is that the clerk of the court was not sworn as a commissioner for drawing the jury which found the bill.

This was held necessary in State v. Williams, 30 Annual, 1028, and was repeated in State v. Vance, 31 Annual, 398. We have also held that it did not vitiate the drawing when the clerk had not taken the oath at the drawing of this particular jury, provided he had before taken it during his then term of office. State v. Revels, Ibid. 387.

It does not appear that the clerk had taken the oath of jury commissioner at any time during his term of office prior to the finding of this bill, and under the ruling above cited the motion to quash was improperly overruled. Therefore

It is ordered and decreed that the verdict of the jury is set aside, the judgment and sentence of the court is avoided and annulled, the bill of indictment is quashed, and the prisoner is ordered to be held in custody to await the further action of the authorities.